UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ESTATE OF LINDSEY DRAKE,

    Plaintiff,        Case No. 1:20-cv-11684

v.                Honorable Thomas L. Ludington
                  United States District Judge
JULIAN GUEVARA, et al.,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO APPROVE SETTLEMENT AGREEMENT**

On June 24, 2016, Lindsey Drake was at a party with her boyfriend Rudy Sanchez and their four-month-old daughter Amiliana Sanchez. *Est. of Sanchez v. City of Saginaw*, 678 F. Supp. 3d 888, 892 (E.D. Mich. 2023). During the party, someone called the police after Rudy—under the influence of alcohol and drugs—beat up a partygoer and "hit" and "choked" Lindsey several times. *Id.* Rudy "became angrier when the police were called and allegedly forced his way into driving" Lindsey, Amiliana, and Rudy's sister—Nikki Cortez—home. *Id*. (internal quotations omitted). The same partygoer called the police again and reported that Rudy had kidnapped Lindsey, Amiliana, and Nikki, and was driving with expired plates. *Id.* During the drive, Rudy allegedly pulled over, got out of the car, and started to "beat Nikki." *Id.* at 892–93.

At 4:07 AM, Saginaw Police Department (SPD) officers "happened upon" Rudy's car near a gas station in Saginaw, Michigan. *Id.* at 893. "With slurred words, [Rudy] acknowledged Nikki's visible injuries, placed his hands behind his back . . . as if preparing for arrest, requested the officers to follow him home, and then appeared to acknowledge his intoxication," telling the officers he was "high." *Id.* at 894. "Although Rudy offered his consent to a search of [the car], the officers

declined the invitation[.]" *Id.* (internal citations omitted). Instead, the SPD officers concluded that the group was "cool" and told Rudy that he was free to "go ahead and go home." *Id.* at 894–95. "Tragically, a mere four minutes and one point six miles later, Rudy crashed the [car] into a tree, killing Lindsey and baby Amiliana." *Id.* at 895.

In June 2020, Lindsey's estate—through Personal Representative John Swartz—sued Defendants City of Saginaw, SPD, and five individual SPD officers, alleging they deprived the deceased of due process through their deliberate indifference, or recklessness, to the risk of harm posed by Rudy's intoxication. *See generally* ECF No. 1. Six months later, this Court dismissed all claims against Defendants City of Saginaw and SPD, concluding that Plaintiff had not sufficiently pleaded municipal liability under *Monell*. *See Est. of Drake v. City of Saginaw,* No. 20-CV-11684, 2020 WL 7122076, at *7–10 (E.D. Mich. Dec. 4, 2020). And Plaintiff later stipulated to dismiss one of the SPD Officers—Officer Matthew Carpus. ECF No. 79.

In June 2023, this Court denied the remaining Officer Defendants' motion for summary judgment, concluding that "a jury must determine whether the officers were aware of [Rudy]'s intoxication and whether they were deliberately indifferent to the potential for harm." *Est. of Sanchez v. City of Saginaw,* 678 F. Supp. 3d 888 (E.D. Mich. 2023). The remaining Officer Defendants—Julian Guevara, Tyler Williamson, Deshawn Harris, and Isaac Babinski—promptly appealed, ECF No. 85, and the Parties stipulated to stay proceedings pending Defendants' appeal. ECF No. 87.

While Defendants' appeal was pending, the Parties resolved the case and agreed to the terms of a settlement agreement. ECF No. 89 at PageID.1250. Accordingly, the Sixth Circuit issued an order of stipulated dismissal. ECF No. 90. The Parties now seek this Court's approval of their confidential Settlement Agreement, which was provided off-the-record for this Court's in-camera

review. ECF No. 89.  After reviewing the confidential Settlement Agreement and being otherwise fully advised in the premises, this Court concludes that the terms of the Parties' confidential Settlement Agreement are in the best interests of Lindsey Drake's estate.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Approve Settlement, ECF No. 89, is **GRANTED.**

Further, it is **ORDERED** that the Parties' confidential Settlement Agreement is **APPROVED.**

Further, it is **ORDERED** that Personal Representative John Swartz is **AUTHORIZED** to execute the terms of the Settlement Agreement and accept appropriate releases and payments on behalf of the estate.

**This is the final order and closes the above-captioned case**.

Dated: October 9, 2024                                              s/Thomas L. Ludington
                                                                    THOMAS L. LUDINGTON
                                                                    United States District Judge